**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-2250, 24-2251, 24-2252, 24-2253, 24-2266, 24-2267, & 24-2269 (cons.)
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                        Appellant in No. 24-2250

v.

COURT ADMINISTRATION OFFICE OF WESTMORELAND COUNTY

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                        Appellant in No. 24-2251

v.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                        Appellant in No. 24-2252

v.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                        Appellant in No. 24-2253

v.

GINA OBARTO

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                        Appellant in No. 24-2266

v.

COMMONWEALTH OF WESTMORELAND COUNTY

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                              Appellant in No. 24-2267

v.

PROTHONOTARY OFFICE OF WESTMORELAND COUNTY

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                              Appellant in No. 24-2269

v.

SUPREME COURT OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2:24-cv-00278, 2:24-cv-00281, 2:24-cv-00282,
2:24-cv-00279, 2:24-cv-00276, 2:24-cv-00277, & 2:24-cv-00280)
District Judge:  Honorable Robert J. Colville

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: June 13, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Justin Martinez sought to file in forma pauperis ("IFP") complaints against courts, state offices, and state officials.[1]  His complaints are not models of clarity, but five of the cases appear related to the same incident in state court, each alleging that a different state court actor conspired with a judge who made him appear in person and pay court fees.[2]  The remaining two cases name the United States District Court of the Western District of Pennsylvania as the defendant and challenge the handling of cases that Martinez previously filed in that court.

The District Court granted Martinez IFP status in each case, and on screening under 28 U.S.C. § 1915(e), dismissed each complaint as frivolous.[3]  In the "memorandum order" dismissing each case, after detailing Martinez's litigation history, the District Court also stated that it "will designate [Martinez] a vexatious litigant and will enjoin [him] from filing future lawsuits in this District without prior leave of the Court."  See, e.g., W.D. Pa. Civ. No. 2:24-cv-00279, ECF No. 3 at 5.  In W.D. Pa. Civ. No. 2:24-cv-00282, in addition to entering a "memorandum order" and a judgment, the District Court entered an "injunction order" designating Martinez a vexatious litigant, enjoining him from "filing, without prior authorization of the Court, any complaint, lawsuit, or petition

---

[1] He also filed a motion to transfer W.D. Pa. Civ. No. 2:24-cv-00277 and W.D. Pa. Civ. No. 2:24-cv-00279 to Illinois.

[2] Martinez named that judge, Judge Emery, as a defendant in a separate suit that was also dismissed.  Martinez's appeal from that decision was dismissed for failure to prosecute. See C.A. No. 24-2270, order entered Oct. 15, 2024.

[3] In two cases, the District Court also denied a transfer motion.

for writ of mandamus." W.D. Pa. Civ. No. 2:24-cv-00282, ECF No. 4. Martinez filed an omnibus notice of appeal that was filed on all seven dockets, and which discussed the dismissals and the injunction. See, e.g., W.D. Pa. Civ. No. 2:24-cv-00279, ECF No. 7.

After we consolidated Martinez's appeals, he filed a consolidated brief.[4] See C.A. No. 24-2250, 3d Cir. Doc. No. 19. In that brief, he accuses us of conspiring with the defendants, citing rulings unfavorable to him in previous appeals. Although he asserts that this Court has a chance "to prove itself honorable now," id. at 7, he also appears to object to our ruling in these matters in light of what he describes as our "extreme Bias and prejudice," id. at 1, and "conflict of interest," id. at 3. He challenges our Clerk's order notifying him that no action would be taken on a request he made for arbitration because no such proceedings are held in this Court. See id. at 4; see also 3d Cir Doc. No. 18 (Clerk Order entered Feb. 28, 2025). In two separately filed motions, he asks us to transfer these appeals to the United States Supreme Court. To challenge the District Court's decisions, he submits a transcript of a hearing before Judge Emery, see id. at 12-

---

[4] He first filed a brief that pertained only to C.A. No. 24-2250. See C.A. No. 24-2250, 3d Cir. Doc. No. 13. When the Clerk noted the filing and invited Appellant to file a consolidated brief instead, she informed him that his initial brief would be stricken on the filing of the consolidated brief. See C.A. No. 24-2250, 3d Cir. Doc. No. 16. It has not been stricken, and Martinez asks us to consider the arguments therein in support of his appeals, see C.A. No. 24-2250, 3d Cir. Doc. No. 19 at 7. We take note that, in that brief, Martinez argued that the defendant in that case, the Court Administration Office of Westmoreland County, conspired with Judge Emery, who interfered with his IFP status in state court. See id. at 1-3. He also appears to be challenging how the District Court ruled in his case by arguing that a court and judges ignored the rules and evidence, see id. at 1 and seeking "impartiality," id. at 4.

75, as evidence of "conspiracy/abuse of individuals/employees of the Pennsylvania government of their positions." Id. at 2. He also submits an order that she entered, see id. at 77-79, to show that she was "deceitful and Conspired against [him]." Id. at 3. He contends that she, as well as other state court and federal judges, including the District Judge who ruled in the cases underlying these appeals, have "violated civil rights and amendments and abused their positions," id. at 5, including by failing to weigh the facts and evidence in his cases, see id. at 6, and the named defendants/appellees have allowed it, see id. at 6-7.

We have jurisdiction under 28 U.S.C. § 1291. But we do not consider issues that Martinez does not raise. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief). Although we construe his briefing liberally, see Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (noting a court's obligation to liberally construe pro se filings), and we consider his initial brief as well as his consolidated brief, we cannot conclude that he has preserved a challenge to the District Court's order imposing a filing injunction. And we are hard-pressed to identify a specific argument about the District Court's adjudication of any particular claim (save for the claims against Judge Emery, which are not before us). We turn to the more general arguments that Martinez raises, and to the extent that we can discern a challenge to the dismissal of his complaints, we exercise plenary review over the District Court's rulings. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

5

As a preliminary matter, Martinez essentially argues that we should recuse or transfer this case to the United States Supreme Court. But neither his dissatisfaction with our rulings in his previous appeals nor his unfounded claims of conspiracy require our recusal.[5] See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (stating recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation").

On the same bases, we reject Martinez's similar arguments for the recusal of the District Judge. We have reviewed the records for all seven appeals, and we discern no evidence of bias, prejudice, or any other reason for recusal. We note that, under the circumstances of Martinez's litigation, the District Judge did not abuse his discretion in declining to recuse even in the cases against the District Court that included frivolous claims relating to the District Judge's own conduct (for which he was immune) in earlier litigation. Cf. Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam).

To the extent that Martinez argues that he stated a claim for conspiracy related to his loss of IFP status in the state court, we agree with the District Court that his

_____

[5] We also decline to reconsider the Clerk's order regarding arbitration or to send this appeal to arbitration.

allegations fell short and that dismissal as frivolous was appropriate. In coming to this conclusion, we have reviewed the complaints as well as the state court documents that Martinez provided on appeal. See Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 266 n.1 (3d Cir. 2022) (explaining that we may take judicial notice of the entirety of the state court record).

For these reasons, we will affirm the District Court's judgments.[6]

---

[6] We deny Martinez's motions to transfer these appeals to the United States Supreme Court. We grant the motion to be excused from filing a brief filed by Appellee Supreme Court of Pennsylvania.